JOHN M. BARNARD & CO. v. THE ESTATE OF COTTON M. HOUGHTON.

*Intoxicating Liquor. . Foreign Law. Illegal Contract.*

Where a manufacturer of liquor in Massachusetts was duly authorized to sell under the restrictions of the statute of 1855, concerning the manufacture and sale of spirituous and intoxicating liquor, among which restrictions was one that he should keep a tabular statement of all sales, containing the date, name of purchaser, &c., *held*, that although no tabular statement, according to the form prescribed by the statute, was kept by such manufacturer, still if his books, kept in the usual course of business, contained the same entries required in the tabular statement, it was such a substantial compliance with the law that a sale would be valid.

Where the form of, the tabular statement given in the statute · contained one entry, " purpose of sale," but the tenth section of the law providing for the sale by manufacturers did not contain a provision requiring such an entry, *Held,* that the form given in the statute could not be considered as adding a new requirement to the statute.

This was an action of book account brought by the plaintiffs against Cotton M. Houghton, in his life-time, and was pending in Windham county court at his decease, and the claim being laid before the commissioners on said Houghton's estate was disallowed by them. An appeal was taken, and the plaintiffs filed their declaration in the Probate court under the statute in assumpsit for goods sold. The case went to a commissioner, who reported as follows :

In January 29, 1857, Houghton then residing in Marlboro, Vt., and keeping a tavern there without a license, sent to the plaintiffs the order hereto annexed, marked A. The liquors mentioned in the order were intended to be sold by Houghton, and were afterwards in fact sold by him in Vermont in violation of the laws of Vermont.

The plaintiffs who resided in Boston, Mass., received the order A. in due course of mail, and put up the liquors of the quality and description ordered, and delivered them at the freight depot of the Vermont and Massachusetts railroad company, in Charles-

NOTE BY THE REPORTER.—A copy of the Massachusetts statute was not furnished the Reporter.

town, Mass., February 4, 1857. The goods arrived at Brattle-
boro in due course, and were taken away either by W. W.
Lynde, or by Houghton himself, it did not appear which. If
taken by Lynde, I find it was done as agent of and by direction
of Houghton. The freight was paid by whomever took the goods.

At the time of the sale and delivery of the liquors at the
Charlestown depot, the plaintiffs were manufacturers and sellers
of spirituous and intoxicating liquors in Boston, and had a license
from the mayor and aldermen of Boston, a copy of which is hereto
annexed, marked D. The firm of J. M. Barnard & Co., at the
time of the issuing the license and up to the time of the said sale,
consisted of John M. Barnard and Henry A. Fuller, who are the
present plaintiffs.

The plaintiffs held their license D, and made their sale under
an act of the legislature of Massachusetts, entitled "An act
concerning the manufacture and sale of spirituous and intoxicat-
ing liquors," approved April 20, 1855, which act is made a part
of this report.

The plaintiffs were manufacturers of liquor and actually manu-
factured the liquor sold to Houghton.

The plaintiffs at the time of sale did not comply with the direc-
tions of section 10 of said " act," literally.

They did not keep a tabular statement of any of their sales as
directed by section 10, but they did in all cases enter on their
book, in usual business form, the name and residence of the pur-
chaser, and the time of sale, and the quantity, description and
price of the liquors sold, but they did not in any case enter on
their book the purpose for which the liquor was to be used ; and
in the case of this sale to Houghton, all the directions of section
10 were complied with, except that the entries were not made in
the tabular form given in said act, and no entry was made of the
purpose for which the liquors were to be used.

At the time of the sale the plaintiffs were not acquainted with
Houghton—they did not know what business he was engaged in,
but took it for granted that he was a merchant. They did not
know for what purpose the liquors were to be used, nor did they
know that they were to be sold, nor used in any way in violation
of the laws of Vermont. The plaintiffs did then know that the

use and sale of liquors were regulated by law in Vermont, but they did not know what those regulations were.

At no time after receiving order A till its execution did the plaintiffs make any inquiries as to what the law of Vermont was, nor as to the purposes for which the liquors were designed.

They had no opportunity of making such inquiries of Houghton, except by letter, Houghton not being in Boston, and having no agent there of whom to make inquiries.

ORDER A.

MARLBORO, January 29, 1859.

Mr. Barnard—Dear Sir: Please send me three bbls. alcohol, 75 ct., and 10 gallon pine apple gin. Please send it as soon as you receive this. Mark it W. W. Lynde, Brattleboro depot, Vermont.        Yours truly,        C. M. HOUGHTON.

LICENSE D.

City of Boston. No. 9. This is to certify that John M. Barnard & Co. have been duly appointed and authorized by the mayor and aldermen to manufacture spirituous and intoxicating liquors, at 16 Adams street, and to sell the same in quantities of not less than thirty gallons, to be exported out of the Commonwealth, or to be used in the arts, or for mechanical and chemical purposes, or in any quantity to duly authorized agents of towns and cities as by law provided.

This authority is to continue for one year, unless sooner revoked and annulled by the mayor and aldermen.

(Signed,)        SAMUEL McCLEARY, City Clerk.

BOSTON, May 19, 1856.

The court, REDFIELD Ch. J., presiding, at the April term, 1860, having accepted the report of the referee in this case and rendered judgment thereon for the plaintiff, the defendant excepts.

*Davenport & Haskins*, for the defendant.

*C. K. Field*, for the plaintiff.

PECK J. · This case came to the county court by appeal from the commissioners on the estate of Cotton M. Houghton, deceased. The plaintiffs' declaration is in assumpsit for goods sold and

Barnard & Co. *v.* Houghton's Estate.

delivered.   The case was referred to commissioners, who heard the case and reported specially to the county court, that court rendered judgment for the plaintiffs on the report, and the case comes into this court on exceptions to that decision.   The question is whether upon the facts set forth in the report the plaintiffs are entitled to recover.

The claim is for a bill of spirituous or intoxicating liquors sold by the plaintiffs to the intestate in his life-time in 1857. · It appears the sale was made in Massachusetts, and the validity of the contract must depend on the laws of· that State, for although the report shows that the intestate bought the liquors for the purpose of selling the same in this State in violation of our· statute, and did so sell them, yet it does not appear that the plaintiffs were so far privy to such unlawful purpose and sale as thereby to render the contract void as being in violation of our statute.   The question and the only question made by the defendant's counsel is that the sale to the defendant was in violation of the statute of Massachusetts, entitled " An act concerning the manufacture and sale of spirituous and intoxicating liquors," approved April 20, 1855, which act is made part of the report.

It appears by that act that under it two kinds of licenses may be granted, one to manufacture, with a limited power to sell under regulations therein prescribed, and another to town and city agents appointed under the act to sell for certain specified purposes.

It appears by the report that at the time of the sale in question the plaintiffs were manufacturers of liquors in Boston, and there manufactured the liquors in question, having a license as such manufacturers, and while they had such license, sold and delivered the liquors to the defendant in the state of Massachusetts.

The only objection taken to the validity of the sale is that the plaintiffs did not keep such books, and make such entries therein, and in such form, as that act prescribes.   Section ten of the act provides that every manufacturer authorized according to the provisions of the foregoing section, shall keep a book in which he shall enter the date of every sale of spirituous liquors made by him, the name of the purchaser, his residence, and the quantity and kind of liquor sold, and if exported, the place to which

exported, and the name of the assignee, substantially in the following form, to wit: Then follows a tabular form, with seven columns separated by lines headed respectively, (date,) (name of purchaser,) (residence of purchaser,) (quantity and kind of liquor,) (where exported,) (name of assignee,) (purpose of sale.)

The commissioner reports that " they did not keep a *tabular* statement of any of their sales as d·rected by section ten, but they did in all cases enter on their books, in usual business form, the name and residence of the purchaser, and time of sale, and the quantity, description and price of the liquors sold, but they did not in any case enter on their books the *purpose* for which the liquor was to be used; and in the case of the sale to Houghton all the directions of section ten were complied with, except that the entries were not made in the *tabular form* given in said act, and no entry was made of the purpose for which the liquors were to be used."

As to the first objection by the defendant's counsel in argument, that the entries were not in the form prescribed, the court are of opinion that there was not such a substantial departure from the statute as to render the sale void.

As to the other objection made by the counsel, that no entry was made of the *purpose* for which the liquor was to be used, it will be noticed that although this is required in the sixth section regulating sales by town and city agents, it is omitted in section ten, which regulates sales by manufacturers. It is true that in the form that is prescribed as before stated, there is a column at the close headed "purpose of use." We think that adding this column as to the use to the form, when it is omitted in the body of the section, cannot have the force of adding a new requirement to this section; that it is more probable that as it appears in a previous form given for section six, relating to sales by agents, it occurred by repeating the same tabular form substantially that follows section six, regulating sales by town and city agents, in which section the *use* is required in the body of the section to be entered. We think this view is the correct exposition of section ten, from the fact that town and city agents are only empowered to sell for certain specified purposes, that is, " *to be used in the arts, or for medical, chemical and mechanical purposes, and no*

Barnard & Co. *v.* Houghton's Estate.

*other,*" and section seven imposes a penalty on any purchaser of a town or city agent who shall make a false statement as to the use intended, hence a requirement that an entry of the use for which the sales are made might be supposed to be a check upon the agent to prevent him from selling for uses or purposes not within his license ; but in case of manufacturers they are authorized to sell for exportation in quantities not less than thirty gallons without reference to the use to which it is to be applied, and in such sales which would be likely to be the greatest portion, it would not seem to be within the policy of the act to require any such entry. This omission, therefore, does not render the contract void.

Notwithstanding the act makes it penal to sell contrary to its provisions, and though it is provided in the act that the person so licensed shall give a bond conditioned, " that he shall in all respects comform to the, provisions of law relating to the business which he is authorized as above to pursue, and shall violate no law touching the manufacture and sale of spirituous or intoxicating liquors," and though it is further provided that if any person so authorized shall commit any breach of the conditions of his bond, " his certificate shall thereupon become null and void, and he shall not thereafter be authorized or permitted to manufacture or sell spirituous or intoxicating liquors," we still think that no such substantial breach of the law is shown in either of these two particulars as will render the contract void.

It is provided in section fourteen that on notice to the party licensed, and on hearing if it shall appear that such party has been guilty of a breach of the bond, the authorities shall " revoke and make void his authority " or license ; and it is questionable whether, notwithstanding the provision that in case of a breach of the bond the license shall be null and void, it does not require the action of the authorities annulling the license before it can be treated as absolutely void—whether void means anything more than voidable, but it is not necessary to decide this point, as we do not find such omissions in former sales as annuls the license, although the report does not state so fully as to the entries made in other and former sales as in the one in question.

Judgment affirmed.